UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-CV-20196

NICOLAS SANCHEZ MARTINEZ,

     Plaintiff,

vs.

BRICKELL 305 LLC  d/b/a
MISTER O1 EXTRAORDINARY PIZZA and
RENATO VIOLA,

     Defendants.

_____/

## **COMPLAINT FOR FLSA OVERTIME VIOLATION(S)**

     Plaintiff, Nicolas Sanchez Martinez, sues Defendants, Brickell 305 LLC d/b/a Mister O1 Extraordinary Pizza and Renato Viola, based on the following good cause:

### ***Parties, Jurisdiction, and Venue***

     1.    **Plaintiff, Nicolas Sanchez Martinez**, is a *sui juris* resident of Miami-Dade County, Florida, who is over 18 years old.

     2.    Plaintiff was an employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

     3.    Plaintiff was a non-exempt employee of Defendants.

     4.    Plaintiff consents to participate in this lawsuit

     5.    **Defendant, Brickell 305 LLC**, is a for-profit Florida limited liability corporation that is *sui juris* and operated its restaurant business in in this District at all times material. Defendant, Brickell 305 LLC, operates under the fictitious name of Mister O1 Extraordinary Pizza in Miami-Dade County, Miami Beach, Florida.

1

6.     **Defendant, Renato Viola,** is over 18 years old, a resident of Miami Beach, Florida, and is *sui juris*. Mr. Viola was at all times material an officer/owner/director/member of the corporate Defendant for the time period relevant to this lawsuit. He ran its day-to-day operations, was responsible for all operational decisions, and was partially or totally responsible for paying Plaintiff's wages.

7.     Defendants were Plaintiff's employers, as the term "employer" is defined by 29 U.S.C. §203 (d).

8.     All Defendants employed Plaintiff.

9.     This Court has original jurisdiction over Plaintiff's federal question claim pursuant to 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq*.

10.    Venue is proper in this Court pursuant because Defendants transact business in Miami-Dade County, they maintain their principal places of business and/or live in Miami-Dade County, and also because Defendants employed Plaintiff in Miami-Dade County, with most of the actions complained of occurring within Miami-Dade County.

### *Background Facts*

11.    Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

12.    Defendants have been, at all times material, an enterprise engaged in interstate commerce in the course of their marketing, preparation, cooking, service, and sale of foodstuffs, produce, meats, cheeses, beverages, beers, wines, and products that have moved through interstate commerce.

2

13.     Defendants cooked, prepared, and stored perishables and sold beer, wine, and/or beverages that moved through interstate commerce, while using machinery, appliances, pizza ovens, ovens, refrigerators, tomato sauces, meats, produce, goods, and materials that also have moved through interstate commerce.

14.     Furthermore, Defendants regularly and recurrently obtain, solicit, exchange and send funds to and from outside of the State of Florida, use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

15.     Defendants also engage in online commerce through DoorDash, a foreign corporation, pursuant to which Defendants regularly and routinely transmit electronic information outside of the State of Florida, while regularly and routinely exchanging money in interstate commerce.

16.     Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

17.     To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

18.     Plaintiff worked as a pizza maker / pizza chef for Defendants from 2014 through December 29, 2020.

19.     Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while he worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants in the course of his cooking, handling, and serving food and produce that traveled through interstate commerce.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

### *Liability*

20.     Plaintiff regularly and routinely worked more than 40 hours in a workweek for Defendants.

21.     Defendants willfully and intentionally refused to pay Plaintiff overtime wages of at least one and one-half times his regular rate of pay for all hours that he worked beyond 40 in a workweek

22.     Defendants either recklessly failed to investigate whether their failure to pay Plaintiff overtime wages of at least one and one-half times her regular rate of pay for all hours that he worked beyond 40 in a workweek in violation of the Fair Labor Standards Act, they intentionally misled Plaintiff to believe that Defendants were not required to pay him overtime wages for all hours worked beyond 40 in a workweek, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff of the overtime wage pay he earned.

23.     Defendants failed and refused to pay Plaintiff at the rate of time and one-half times his regular rate of pay for all hours worked over 40 hours in a workweek.

24.     Any/all conditions precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

25.     Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

26.     Plaintiff is entitled to a backpay award of overtime wages for all overtime hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Nicolas Sanchez Martinez, demands the entry of a judgment in his favor and against Defendants, Brickell 305 LLC d/b/a Mister O1 Extraordinary Pizza and Renato Viola, after trial by jury and as follows:

4

a.  That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b.  That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

c.  That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d.  That Plaintiff recover all interest allowed by law;

e.  That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f.  That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

g.  Such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, Nicolas Sanchez Martinez, demands a trial by jury of all issues so triable.

Respectfully submitted this 19th day of January 2021.

Brian H. Pollock, Esq.
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
FAIRLAW FIRM
7300 N. Kendall Drive
Suite 450
Miami, FL 33156
Tel:    305.230.4884
*Counsel for Plaintiff*
